IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARBARA CASSIDY,

           Plaintiff,

v.                            Civil Action No. 20-1227

CONSOL ENERGY, INC.,

           Defendant.

**MEMORANDUM ORDER**

AND NOW, this 1st day of April, 2021, upon consideration of Plaintiff's Motion for Leave to Amend Complaint (Docket No. 19), Defendant's response in opposition to Plaintiff's motion (Docket No. 22), and Plaintiff's reply thereto (Docket No. 23), IT IS HEREBY ORDERED that Plaintiff's motion is DENIED WITHOUT PREJUDICE.

Plaintiff's Complaint, filed on August 18, 2020, alleges claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (as amended) ("Title VII"), the Civil Rights Act of 1991 (as amended), the Equal Pay Act, 29 U.S.C. § 206, and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. (Docket No. 1). On December 4, 2020, Defendant CONSOL Energy, Inc. ("CONSOL") filed its Answer and Affirmative Defenses wherein it denied that it employed Plaintiff, and averred that Plaintiff was employed instead by CONSOL Pennsylvania Coal Company LLC ("CONSOL PA"). (Docket No. 11, ¶ 8). On February 2, 2021, Plaintiff filed her Motion for Leave to Amend Complaint, which is presently before the Court.

In the proposed Amended Complaint attached to her motion, Plaintiff seeks to add CONSOL PA as a defendant but still retain CONSOL as a defendant, contending that CONSOL PA and CONSOL should both remain in the case because they were her "joint employers." (Docket Nos. 19, 19-1).  In response to Plaintiff's motion, CONSOL argues that the filing of Plaintiff's proposed Amended Complaint would be futile because it does not aver facts sufficient to establish that CONSOL was Plaintiff's joint employer such that it would be subject to liability under Title VII.

According to Federal Rule of Civil Procedure 15(a)(2), courts should freely give leave to amend a pleading "when justice so requires," but leave to amend may be denied if the amendment would be futile.  See Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003), as amended (Jan. 20, 2004).  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  In determining whether an amendment is futile, "the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The Third Circuit has held that "[t]wo entities may be 'co-employers' or 'joint employers' of one employee for purposes of Title VII." Faush v. Tuesday Morning, Inc., 808 F.3d 208, 215

(3d Cir. 2015) (quoting Graves v. Lowery, 117 F.3d 723, 727 (3d Cir. 1997)). "A joint employment relationship exists when 'two entities exercise significant control over the same employees.'" Doe v. McDonald's USA LLC, 2020 WL 7133520, at *3 (E.D. Pa. Dec. 3, 2020) (quoting Graves, 117 F.3d at 727)). In "determining whether an entity exercises significant control with another employer," district courts in the Third Circuit have considered the following factors:

> (1) the entity's "authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours"; (2) its "day-to-day supervision of employees, including employee discipline"; and (3) its "control of employee records, including payroll, insurance, taxes and the like."

Plaso v. IJKG, LLC, 553 Fed. App'x 199, 204–05 (3d Cir. 2014) (citing a collection of cases).

Upon review of Plaintiff's proposed Amended Complaint, the Court finds that it does not plead factual content that would allow the Court to draw the reasonable inference that CONSOL is liable as a joint employer of Plaintiff under Title VII. The proposed Amended Complaint alleges that CONSOL "was acting through" CONSOL PA and that "Defendants owned and employed workers at the Enlow Fork Coal Mine," but – in consideration of the factors set forth above – it does not contain factual allegations regarding CONSOL's authority over such employees, its supervision of such employees, or its control of employee records. (Docket No. 19-1, ¶¶ 7, 10).

Additionally, Plaintiff states in her reply brief that "[a]fter a close review of [her] proposed Amended Complaint, Plaintiff concedes that her proposed factual averments related to joint employment are lacking in that they do not include the evidence enumerated in her pending Motion for Leave to Amend Complaint." (Docket No. 23 at 2). Nevertheless, Plaintiff contends that because she is able to plead sufficient facts to meet her burden under Rule 12(b)(6), she has negated CONSOL's argument that her amendment is futile. While Plaintiff may be "in possession of

3

evidence supporting her joint employer theory," she has not included factual averments concerning such evidence in her proposed Amended Complaint. (Id. at 1). Thus, regardless of whether Plaintiff "is able to plead sufficient facts to meet her burden," she simply has not done so here. (Id. at 2).

Therefore, the Court finds that the filing of Plaintiff's proposed Amended Complaint would be futile since it does not aver facts sufficient to establish that CONSOL was Plaintiff's joint employer such that it would be subject to liability under Title VII.

Accordingly, Plaintiff's Motion for Leave to Amend Complaint is denied without prejudice, and by **April 22, 2021**, Plaintiff may file a proposed amended complaint containing sufficient facts to state a claim.

/s/ *W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record